# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALICE PRECIADO,

    Plaintiff(s),

v.

BEST BUY STORES, L.P., et al.,

    Defendant(s).

Case No. 2:23-cv-01879-GMN-NJK

**Order**

[Docket No. 11]

Pending before the Court is a stipulation to extend case management deadlines by 60 days. Docket No. 11.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1] "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). The reasons advanced for seeking the extension must be premised on "the development of matters

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022). Moreover, although the Ninth Circuit has taken a more lenient approach to extensions in other contexts, it has been emphatic in the need and ability of district courts to enforce case management deadlines. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases); *see also Williams*, 627 F. Supp. 3d at 1177 n.3 (declining to apply case law outside the Rule 16 context to request to extend case management deadlines).

which could not have been reasonably foreseen or anticipated" when the deadline was set. *Desio*, 339 F.R.D. at 638 (citing *Jackson*, 186 F.R.D. at 608).

Pursuant to Local Rule 26-3, the stipulation identifies the reasons why more time is requested for discovery, explaining in its entirety as follows:

> This request is two-fold. First, Plaintiff is alleging injuries to her: right elbow (including a radial collateral ligament tear, moderate grade partial tear of the common extensor tendon, and edema of the ulnar nerve); right shoulder (partial tear of the distal supraspinatus); right wrist; and right arm. Therefore, the Parties request the extension to allow the respective experts sufficient time to review, analyze, and opine on the voluminous medical records. Second, Defendant's corporate representative(s) are out of town, which will take to scheudle [sic] the respective deposition(s). As such, the parties agree to extend discovery deadlines for sixty (60) days. The parties have entered into this agreement in good faith and not for purposes of delay.

Docket No. 11 at 3. Neither reason establishes good cause. Taking the second reason first, the Rule 26(f) conference took place more than six months ago, Docket No. 8 at 1, and no explanation is provided as to why the many months already provided in the discovery period were insufficient to schedule this deposition. The stipulation also fails to explain why the location of the deponent would require significant modification to the established schedule or even why the deposition cannot be taken in the time remaining within the discovery period.

The first reason, regarding medical records, also fails on multiple levels. Most obviously, no explanation is provided as to the efforts to obtain medical records, the date on which they were obtained, or why they could not be obtained earlier in the discovery period.[2] Even more significantly, the current discovery period was already elongated to account for the treatment-related discovery issues in the case. Docket No. 9 at 2. The Court has been provided no explanation why the extra time already allotted was not sufficient or what unforeseen

---

[2] The stipulation's recitation of the discovery completed to date does not appear to show any discovery production by Plaintiff of these records nor any subpoenas to obtain the records from nonparties. Docket No. 11 at 2. If the medical records were provided as part of Plaintiff's initial disclosures, then Defendant has already had them for roughly nine months. *See id.*

circumstances have arisen to justify modifying the case management schedule on this basis.[3]  In short, the stipulation fails to establish good cause for the extensions sought.

Accordingly, the stipulation to extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: May 14, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] In a separate section of the stipulation, the parties indicate that they hope to explore settlement after conducting certain depositions but before serving expert disclosures.  Docket No. 11 at 3.  To repeat, the parties have already had more than six months to engage in discovery and no explanation is provided as to why these depositions have not already been taken at this juncture.  Moreover, settlement discussions are a common aspect of federal litigation, *see, e.g.*, Fed. R. Civ. P. 26(f)(2), and are not generally sufficient grounds to modify the case management schedule, *see, e.g.*, *Williams*, 627 F. Supp. 3d at 1181 (collecting cases).